In the Matter of F. & M. Schaefer Brewing Company, Petitioner, against John J. McCloskey, Jr., Sheriff of City of New York, Respondent.*

Supreme Court, Special Term, Queens County, December 8, 1942.

*Frank & Frank* for petitioner.

*Sidney Posner* for respondent.

*Revd. 266 App. Div. 790.

CUFF, J. Section 10 of chapter 914 of the Laws of 1939 (Yonkers City Court Act, § 10) confers state-wide jurisdiction, power and authority upon the City Court of Yonkers, except as to service of its summons and limitations imposed by the Civil Practice Act and the Supreme Court Rules. The question presented is, may the Legislature grant that power to an inferior court.

This is an application to mandamus the Sheriff of the City of New York to execute an order of commitment issued by a judge of the City Court of Yonkers against a judgment debtor, who is located in Queens Borough, New York City. Contending that the statute, which extends the jurisdiction, power and authority (except as aforesaid) of the City Court of Yonkers beyond Westchester County, in which that city is located, lacks constitutional sanction, the Sheriff has declined to act.

The facts are: Following the entry of judgment in the City Court of Yonkers, petitioner instituted supplementary proceedings in that court by the personal service of a subpœna within Westchester County. It obtained an order pursuant to section 793 of the Civil Practice Act which required the judgment debtor, under pain of punishment for civil contempt, to liquidate the judgment by small installment payments. The judgment debtor for a time obeyed the order, which had been served upon him personally in Westchester County, making twenty-five payments and then fell into default. Thereafter the judgment debtor was served in Queens Borough of the City of New York with an order to show cause why he should not be punished for contempt. The judgment debtor appeared on that motion which was argued and granted. An order was entered, March 20, 1942, finding the judgment debtor guilty of contempt. He was fined the amount remaining due on the judgment, with leave to pay the fine in installments, but if there was a default " the Sheriff of any county in the State " was directed to arrest and commit him " to the County Jail of said county " and hold him until said fine is paid or he was discharged according to law. A copy of that order was served on the judgment debtor in Queens County by registered mail on March 21, 1942. Thereafter a judge of the City Court of Yonkers issued a commitment providing in part: " Ordered, that without further notice to the said judgment debtor, the Sheriff of any County within the State wherein said judgment debtor may be apprehended shall forthwith arrest said judgment debtor."

It is the validity of that commitment which is being contested.

The power to create inferior courts is granted to the Legislature by section 18 of article VI of the State Constitution. That provision states that such courts may be established, regulated or discontinued by law. Neither equity jurisdiction nor greater jurisdiction than county courts enjoy under article VI may be conferred upon them; they may not be made courts of record. Their territorial original jurisdiction in civil cases in cities include the county or counties in which the city is located.

The jurisdiction of the county court referred to is found in section 11 of article VI. It gives that court original jurisdiction where all defendants reside in the county and the amount sued for is not over $3,000.

The question at bar is not one of original jurisdiction. It concerns the power of the inferior courts to enforce their judgment. May the Legislature empower an inferior court to give effect to its processes after it has acquired jurisdiction beyond the lines that limit its original jurisdiction? It has done that with respect to the county court. Although the county court is not an inferior court, it is a tribunal of limited original jurisdiction. The Legislature has accorded it power to enforce obedience to its processes throughout the State. (Civ. Prac. Act, § 72.) The Domestic Relations Court of the City of New York is an inferior court, yet it issues mandates enforceable state-wide. (N. Y. City Dom. Rel. Ct. Act, § 92, subd. [23], L. 1933, ch. 482.) Likewise, the Children's Court of the State of New York, an inferior court, may send its processes to enforce its decrees into any county. (Children's Court Act, § 30, L. 1922, ch. 547, added by L. 1942, ch. 810.)

If the Legislature has power to authorize the enforcement of the mandates of those three courts throughout the State, where is the provision in the Constitution which restricts that power as applied to the Yonkers City Court? When power is given to create a court, power should be implied to give that court authority effectively to function. The Legislature has deemed it expedient to extend the enforcing jurisdiction of the Yonkers City Court beyond the Westchester County lines. Respondent points to no constitutional prohibition, which challenges that exercise of power. Respondent's cases cited are not in point.

Section 10 was not enacted in violation of the Constitution.

A final order granting petitioner the relief it seeks and directing the Sheriff of New York City to execute the commitment issued by the Yonkers City Court and arrest the judgment debtor named therein, will be entered.